**DEERE et al. v. COTTON et al.**

No. 15254—Opinion Filed April 20, 1926.

Rehearing Denied May 18. 1926.

(Syllabus.)

**1. Indians—Restrictions on Alienation of Seminole Allotments—Statutes.**

The restrictions upon alienation by citizens of the Seminole Nation made by the Original Seminole Agreement (Act of July 1, 1898, 30 Stat. at L. 567) apply only to allotments made to living citizens in their own right, and not to allotments made on behalf of deceased persons under the authority of section 2 of the Second Seminole Agreement (Act of June 2, 1900, 31 Stat. at L. 250). Smith v. Sumpsey, 64 Okla. 186, 166 Pac. 1094.

**2. Appeal and Error—Error Urged by Defendant in Error—Necessity for Cross-Petition in Error.**

If the judgment of the trial court, partly granting the prayer of plaintiffs, who are plaintiffs in error, against the defendants cannot be reversed on the assignments of error made, defendants against whom such judgment is rendered can obtain no relief therefrom unless a cross-petition in error is filed. Van Arsdale and Osborn v. Olustee School District, 23 Okla. 894, 101 Pac. 1121.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by Sallie Deere and another against W. L. Cotton and others. Judgment for less than sued for, and plaintiffs bring error. Affirmed.

C. Dale Wolfe and John H. Miley, for plaintiffs in error.

Davis & Patterson and Cutlip & Horsley, for defendants in error.

BRANSON. V. C. J. The parties in this action appear in this court in the same relative positions as they appeared in the court below. Sallie Deere and one Nancy (newborn Seminole, roll 218) sued the defendants, W. L. Cotton, Sarah Cotton, and William Jarvis, for a two-thirds interest in certain real estate. The judgment of the trial court was in favor of the plaintiff Nancy, for a one-sixth interest in a certain fractional portion of the real estate, and in favor of the defendants for the remainder. The plaintiffs appeal from this judgment. The defendants above named file no cross-petition in error against the recovery permitted by the trial court, in favor of the plaintiff Nancy. It must follow, therefore, that the judgment must be affirmed, unless it can be reversed upon some of the assignments made in the petition in error by the plaintiffs.

Sam Charty was a full-blood citizen of the Seminole Tribe of Indians, in the Indian Territory, on the final roll of said tribe, made under the acts of the national Congress, his name appearing opposite No. 1307. Sam Charty died in the year 1901, intestate. He was survived by the plaintiff, Sallie, or Sallie Deere, one Nellie and one Cheparney, all children of the said Sam Charty, and his sole surviving heirs at law. These children were all full-blood citizens of the said Seminole Tribe of Indians. The said Nellie (child as above set out of the said Sam Charty) departed this life in 1910, and left surviving her as heir at law the plaintiff Nancy. On the 16th day of December, 1905, the said Sallie, the said Nellie, and the said Cheparney, each joined by his or her spouse, for a valuable consideration executed, acknowledged, and delivered to the defendant W. M. Jarvis a deed. This deed purported to convey the land the recovery of an interest in which is sought in this action. The land described in said deed was selected in the year 1902 as the allotment of the said Sam Charty. It must be noted that the said Sam Charty had theretofore departed this life in the year 1901, the allotment being made and the certificate therefor being issued long after his death. Upon its being selected and a certificate issued therefor, the title vested by operation of law in his said children.

We think that the disposition of two assignments of error will properly dispose of the appeal. These assignments allege that

the trial court erred in not holding that all the lands so allotted in the name of Sam Charty, deceased, were restricted on the date the said deed of December 15, 1905, was executed, and that the deed of that date was void for that the same was not approved as provided by the acts of Congress. Of course, if this land was restricted against alienation, and the deed was not executed as provided by the acts of Congress, the same was ineffective to convey any title from the grantors to the grantee, Jarvis. The plaintiffs in error contend that the said land was so restricted by that provision of the Original Seminole Argeement (30 Stat. at L. 567) which provides:

"All contracts for the sale, disposition or incumbrance of any part of any allotment made prior to the date of patent, shall be void"

—the contention being that this provision of the said Original Seminole Agreement was a restriction both upon the allotment of land made to living members of the tribe, as well as to allotments set aside in the name of deceased members of the tribe after their death. Plaintiffs in error say that the land in the instant case was allotted under section 2 of the Supplemental Seminole Agreement of June 2, 1900 (31 Stat. at L. 250), which provides:

"If any member of the Seminole Tribe of Indians shall die after the 31st day of December, 1899, the lands, money, and other property to which he would be entitled if living, shall descend to his heirs who are Seminole citizens, according to the laws of descent and distribution of the state of Arkansas, and be allotted and distributed to them accordingly."

As to this contention, the defendants in error agree. The plaintiffs in error further contend that, while the land here in controversy was allotted after the death of the allottee, that, nevertheless, the agency of the federal government had unnecessarily designated a portion of it as a homestead and another portion of it as surplus; that this act on the part of the representatives of the government did not alter the fact that, so far as the provisions of the act of Congress were concerned, governing its descent, all of the lands stood on the same footing, and that the said first-named restriction, supra, found in the Original Seminole Agreement, applied to the entire tract. In support of this, by analogy, the case of Mullen v. U. S., 56 L. Ed. 834, is cited. We think that the contention of the plaintiffs in error is correct as to this in part only, and that this land having been set aside or the allotment made

after the death of the said Sam Charty, no useful purpose was to be served by designating a portion of it as homestead and another portion as surplus. For if the said lands were designated under the said section 2 of the Supplemental Seminole Agreement, the title thereto vested in the heirs of the said Sam Charty at the time of its selection, and there was no distinction between the restriction against alienation on that part designated as homestead and that part designated as surplus.

But we do not agree with the contention of the plaintiffs in error that this land was restricted. The said section 2 of the said Supplemental Seminole Agreement provided that in cases therein mentioned the land should descend according to the laws of descent and distribution of the state of Arkansas, to the heirs. This provision is similar to section 22 of the Supplemental Choctaw-Chickasaw Treaty of 1902, and in the said case of Mullen v. U. S. it was held that where lands were so allotted, they passed to the heirs free from restrictions. We think that the facts in this case bring it within the rule clearly stated by this court in the case of Smith v. Sumpsey et al., 64 Okla. 186, 166 Pac. 1094, and we deem it unnecessary to add to the reasons given in the opinion in said case for the conclusion of law therein and herein reached.

The judgment of the trial court seems to have been rendered on the theory that the deed of 1905 was not operative, but that subsequent deeds were executed conveying the interest of the parties, except the interest which the plaintiff Nancy, to the extent of one-sixth, inherited from her mother, who died in 1910. From what we stated above, we conclude that the assignments of error are not well taken, and that the judgment rendered in favor of the defendants and against the plaintiffs, in so far as the same can be affected by this appeal, must be affirmed.

Reaching this conclusion on the deed of December 16, 1905, we deem it unnecessary to even consider the allegations of error as to the subsequent deeds through which the defendants also assert title to said land.

The judgment of the trial court is affirmed.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 C. J. p. 517 § 81. (2) 4 C. J. p. 694 § 2598.